UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LISA AND ELYWIN CRUSHFIELD                          CIVIL ACTION NO. 23-959

VERSUS

AMERICAN SECURITY
INSURANCE COMPANY

## NOTICE OF REMOVAL

Defendant American Security Insurance Company ("American Security") hereby removes to this Court the civil action now pending in the 40th Judicial District Court for the Parish of St. John, State of Louisiana, no. 78917, Division B, styled "*Lisa and Elywin Crushfield v. American Security Insurance Company.*"  A copy of all pleadings, process, and orders that were originally served on American Security are attached as Exhibit A, which includes, namely, (1) the Citation, (2) the Petition for Bad Faith Breach of Contract and Bad Faith Claims Adjusting, and (3) the Court's Case Management Orders.

Title 28 U.S.C. §1446 requires that a short and plain statement of the grounds for removal accompany any notice of removal.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) ("section 1446(a) requires only that the grounds for removal be stated in 'a short and plain statement'").  This action may be removed because the Court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332.

In support of this removal, American Security shows that:

1.

This suit is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332.

2.

Diversity jurisdiction requires that the plaintiff be diverse in citizenship from every defendant. *Strawbridge v. Curtis*, 3 Cranch 267 (1806); *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014). The plaintiffs in this matter, Lisa and Elywin Crushfield, were residents of and domiciled in the State of Louisiana at the time of filing of this suit and at the time of removal. Thus, the plaintiffs are citizens of the State of Louisiana.

3.

Defendant American Security was and is a Delaware corporation with its principal place of business in Georgia at the time the plaintiff filed his lawsuit and at the time of removal. Therefore American Security was not a citizen of Louisiana at the time of removal or at the time the suit was filed.

4.

Accordingly, the parties' citizenship is diverse.

5.

Plaintiff's Petition for Bad Faith Breach of Contract and Bad Faith Claims Adjusting (Exhibit A) (the "Petition") does not include a formal monetary demand. Nevertheless, the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs.

6.

This is a property damage insurance claim, related to damage sustained in Hurricane Ida, August 29, 2021, to insured property located at 134 Boardwalk Place, LaPlace, Louisiana. (Petition, ¶¶ 2, 6.)

7.

Plaintiffs allege that American Security breached the insurance contract by failing to timely pay sums due under the policy of insurance for covered causes of loss.  (Petition, ¶ 12 et seq.)

8.

American Security issued Residential Dwelling Certificate no. MLR07557387215 to Select Portfolio Servicing, Inc., with coverage for insured property located at 134 Boardwalk Place, LaPlace, Louisiana 70068, according to its terms.  Policy limits are $72,722.00 for covered damage sustained to the insured dwelling, and $7,272.00 for covered damage to other structures. (Exhibit B, the policy.)

9.

To date, on plaintiffs' Hurricane Ida claim, American Security has paid $42,559.90 under the dwelling coverage part, and $4,578.85 under the other structures coverage part. (See Exhibit C, payment letter and Exhibit D, American Security estimate)

10.

Whereas, by way of contrast, on February 20, 2023, the plaintiffs produced Plaintiff's Discovery Disclosures and a supplemental estimate prepared by Lee Roby, Bullseye Public Adjusting, in the amount of $32,006.79 for additional damage sustained to the dwelling, and $8,774.13 for additional damage sustained to other structures.  (Exhibit E, Plaintiff's Discovery Disclosures and estimate.)   The Lee Roby estimate is in addition to American Security's estimate in the amount of $47,208.62 for damage sustained to the dwelling, and $6,046.78 for other structures.  (Exhibit E, page 6, compare Exhibit D.)  Therefore, the plaintiffs claim that the insured dwelling sustained damage in the total amount of $79,215.41, and that the other

structures sustained damage in the total amount of $14,820.91. These amounts are in excess of policy limits.

11.

Considering plaintiff's alleged damage to the insured property beyond policy limits for both coverages, and the amounts paid by defendant, the sum of $32,855.25 remains in dispute on plaintiffs' Hurricane Ida claim, for alleged loss sustained to the insured property.

12.

Moreover, the plaintiffs are also seeking to recover consequential damages, penalties and attorney's fees on the entire claim, including amounts already paid, for alleged bad faith failure to timely adjust the loss. (Petition, ¶ 12, et seq.)

13.

Although American Security disputes that the plaintiffs are entitled to damages, penalties or attorney's fees under any circumstances, Louisiana statutes entitle a plaintiff to recover amounts in excess of the face amount of the policy as a penalty in certain specific and enumerated circumstances. La. R.S. § 22:1892 and La. R.S § 22:1973. Where punitive damages are recoverable, they must be considered to the extent claimed in determining the jurisdictional amount. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.1998); *Brown v. Globe Life & Accident Ins. Co.*, 2015 WL 6459698, at *3 (M.D. La. Sept. 29, 2015), *report and recommendation adopted,* 2015 WL 6456567 (M.D. La. Oct. 26, 2015); *Milner v. Farmers Ins. Co. of Oregon*, 2016 WL 7473851, at *3 (E.D. La. Dec. 29, 2016) (Vance, J).

14.

Even though American Security disputes plaintiffs' entitlement to any penalties, actual

damages, or attorney's fees, these are included in determining the amount in controversy.  "[A] case may be removed unless it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'"  *Marcel v. Pool Company*, 5 F.3d 81, 84 (5th Cir. 1993), *quoting St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 58 S.Ct. 586, 590 (1938), *and citing Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 564 (5th Cir.1993), *abrogated on other grounds by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998).

15.

Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332 is more than satisfied.

16.

Under La. R.S. § 22:1892, an insurer is subject to a penalty, "in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, . . . as well as reasonable attorney fees and costs."  La. R.S. § 22:1892(B)(1).

17.

Under La. R.S. § 22:1973, "In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater."  La. R.S. § 22:1973(C).  The "damages sustained" under La. R.S. § 22:1973 refers to the insured's consequential damages for failure to pay.  Recoverable damages under the statute include any damages, foreseeable or not, that are a direct consequence of the insurer's failure to perform.  *Williams v. Louisiana Indem. Co.*, 658 So.2d 739, 742 (La.

App. 2 Cir. 1995).  See also, *Morrison v. Alexandria Commons, LLC*, 25 So.3d 989, 997 (La.

App. 3 Cir. 2009); ("[La. R.S. 22:1973] does not limit the type of damages for which penalties

may be awarded.")

18.

As the law has developed, a successful bad faith claimant may recover attorney's fees

under La. R.S. § 22:1892, plus the maximum penalty available under either La. R.S. § 22:1892

or § 22:1973 but not both – either fifty percent of the amount due (R.S. § 22:1892), or two times

the damages sustained or $5,000.00 (R.S. § 22:1973).  *Calogero v. Safeway Ins. Co*.,753 So.2d

170, 174 (La. 2000).

19.

Because the statute provides for recovery of attorney's fees, potential attorney's fees are

included in analyzing the amount in controversy.  *Maxwell v. Lesnick*, No. 1:16-CV-00300, 2016

WL 4070239, at *3 (W.D. La. June 23, 2016), *report and recommendation adopted,* No. 16-CV-

00300, 2016 WL 4059549 (W.D. La. July 28, 2016); *Grant v. Chevron Phillips Chem. Co.,* 309

F.3d 864, 873–74 (5th Cir. 2002).  Courts generally evaluate attorney's fees at one third of the

gross recovery in evaluating the amount in controversy.  *Edwards v. N.W. Mut. Life Ins. Co.*, 16-

CV-00871, 2016 WL 7077883, at *4 (W.D. La. Oct. 11, 2016), *report and recommendation

adopted,* 16-CV-00871, 2016 WL 7108587 (W.D. La. Dec. 5, 2016).

20.

If the plaintiffs' claim is seen as involving (1) unpaid policy benefits in the amount of

$32,855.25, (2) a fifty percent penalty in the amount of $39,997.00, computed on the entire claim

amount, i.e., $79,994.00, awarded under La. R.S. § 22:1892, and (3) an attorney's fee awarded

under La. R.S. § 22:1892, the amount in controversy exceeds $75,000.00.

21.

Plaintiffs filed their Petition on December 1, 2022, and served American Security through the Louisiana Secretary of State on December 16, 2022.  (Exhibit A, page 3)  American Security then received a copy of the Petition from the Louisiana Secretary of State on December 20, 2022. (Exhibit A)  The Petition does not affirmatively state on its face that the plaintiffs are seeking damages in excess of $75,000.00.  Accordingly, plaintiffs' original Petition did not trigger the initial thirty day removal period under 28 U.S.C. § 1446 (b)(1).  *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013).

22.

Thereafter, February 20, 2023, plaintiffs produced Plaintiffs' Discovery Disclosures, to assert that the plaintiffs had sustained damages to the insured property in excess of policy limits. (Exhibit E)  This allowed American Security to ascertain for the first time that the case had become removable.  Accordingly, American Security is filing this Notice of Removal timely, within the thirty day removal period under 28 U.S.C. § 1446(b)(3) after receiving plaintiff's disclosures.

23.

This Court is the United States District Court for the district within which the state court action is pending.  Accordingly, this action is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

24.

Undersigned counsel certifies that a Notice of Filing Notice of Removal, along with a copy of this Notice of Removal, will be promptly filed with the Clerk of Court for the 40th Judicial District Court for the Parish of St. John, State of Louisiana.

WHEREFORE, American Security Insurance Company prays that any further

proceedings in the 40th Judicial District Court for the Parish of St. John, State of Louisiana be

discontinued and this action be recognized as removed and pending on the docket of this Court.


Respectfully submitted,

s/Brian J. D'Angelo
GORDON P. SEROU, JR. (No. 14432)
BRIAN J. D'ANGELO (No. 39151)
Law Offices of Gordon P. Serou, Jr., LLC
gps@seroulaw.com
bjd@seroulaw.com
365 Canal Street, Suite 2280
New Orleans, Louisiana 70130
Phone: 504-207-1910
Fax:    504-784-6428

*Attorneys for American Security Insurance Company*

### CERTIFICATE OF SERVICE

I, Brian J. D'Angelo, hereby certify that on March 16, 2023, I caused a true and correct copy of the foregoing Notice of Removal, to be served via United States mail, first-class, postage prepaid, upon the following:

Lisa and Elwyn Crushfield
Through counsel of record:
Jacob Young
Meredith Chehardy
One Galleria Blvd, Suite 1100
Metairie, Louisiana 70001

s/Brian J. D'Angelo
BRIAN J. D'ANGELO